UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY SNOW                          )         Civil No.: 05-11582-PBS
                    Petitioner        )
                                      )
         v.                           )
                                      )
UNITED STATES OF AMERICA,             )
                    Respondent        )

GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
PETITIONER ANTHONY SHOW'S MOTION PURSUANT TO 28 U.S.C. § 2255

The United States of America, through its undersigned attorneys, submits this

memorandum in opposition to Petitioner Anthony Snow's motion to correct his sentence

pursuant to 28 U.S.C. § 2255 [hereinafter "Petitioner's Motion"].  Petitioner claims that this

Court miscalculated and misapplied the U.S. Sentencing Guidelines, resulting in a longer term of

imprisonment than the Court intended.  As set forth below, Petitioner's argument is baseless.  It

is Petitioner, not this Court, that erred in calculating the applicable guidelines range for his case.

Accordingly, Petitioner's motion should be denied.

**PROCEDURAL HISTORY**

On December 29, 2003, Petitioner was named in a nine-count Information charging him

with mail fraud and wire fraud.  On January 27, 2004, Petitioner entered a plea of guilty  to each

count in which he was named in the Information.  On April 27, 2005, this Court sentenced

Petitioner to a term of 63 months imprisonment, the low end of the applicable guidelines range in

his case.  Petitioner filed no appeal.

On July 21, 2005, Petitioner filed a "Motion for Correction of Sentence Pursuant to 18

U.S.C. §3742, Rule 52(b) F.R.Crim.P. and/or Any Other Pertinent Applicable Statutes/Rules."

This Court construed Petitioner's motion as one filed pursuant to Section 2255 and ordered the government to respond.  The government submits this memorandum in opposition to Petitioner's motion.

## ARGUMENT

**I.     THIS COURT DID NOT ERR IN CALCULATING PETITIONER'S APPLICABLE GUIDELINES RANGE**

At Petitioner's sentencing hearing, the Court found Petitioner's base offense level to be 6 pursuant U.S.S.G. §2B1.1(a).  (PSR ¶81).  Because the loss caused by Petitioner's fraudulent criminal conduct was more than $200,000 and less than $400,000, the Court determined that a twelve-level increase was warranted pursuant to U.S.S.G. §2F1.1(B)(1)(G).  (PSR¶83-84; PSR Objection 15; Sentencing Tr. at 4).  The Court also determined that a two-level increase was warranted because the offense involved sophisticated means as provided in U.S.S.G. §2B1.1(b)(8)(C).  (PSR ¶84A; Sentencing Tr. at 14).  Because Petitioner's offense involved the unauthorized transfer or use of a means of identification unlawfully to produce or obtain another means of identification, the Court determined that a two-level increase was warranted pursuant to U.S.S.G. §2B1.1(b)(9)(C)(i).  (PSR ¶84B).  Neither party objected to any of those findings. (Sentencing Tr. 39).  The Court further determined that the government failed to prove by a preponderance of the evidence that a four-level increase in Petitioner's offense level was warranted based on Petitioner's role in the offense or that a two-level increase in Petitioner's offense level was warranted based on his obstruction of justice.  (Sentencing Tr. at 37-38).  The Court further found that Petitioner was eligible and qualified for a two-level downward adjustment in his offense level based on his acceptance of responsibility pursuant to U.S.S.G. §3C1.1.  (Sentencing Tr. at 38).  The Court denied Petitioner's motion for a downward departure

based on diminished mental capacity. (Sentencing Tr. at 48). Accordingly, the Court found

Petitioner's Total Offense Level to be 20 and his Criminal History Category to be V.

(Sentencing Tr. at 38). Neither party objected to those findings. (Sentencing Tr. at 39). Based

on the foregoing findings, the Court determined Petitioner's applicable guidelines range to be

63-78 months imprisonment. The Court then sentenced Petitioner to 63 months imprisonment,

the low end of the applicable range.

Petitioner claims that, despite the Court's express intent to sentence him to the low end of

the applicable guidelines range, the Court erroneously sentenced him to a longer term of

imprisonment because it miscalculated his applicable guidelines range. Petitioner's claim is

unsupported by the evidence. Exhibit 1(C) of Petitioner's motion sets out his account of the

Court's guidelines calculations and highlights the mathematical error he believes the Court made

in determining his Total Offense Level to be 20. Petitioner's guidelines calculations fail to take

into account the two-level increase the Court made in his guidelines level because his offense

involved the unauthorized transfer or use of a means of identification unlawfully to produce or

obtain another means of identification. Once that adjustment – to which Petitioner offered no

objection in the PSR or at his sentencing – is factored into Petitioner's own calculations, his total

offense level becomes 20 by his own calculations. Accordingly, the Court did not err in

calculating Petitioner's applicable guidelines range.

**CONCLUSION**

Based on the foregoing, Petitioner's habeas petition should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By:
 /s/ Emily R. Schulman
EMILY R. SCHULMAN
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on Anthony Snow, Reg. No. 24639-038, FMC Devens, PO Box 879, Ayer, MA 01432 by first class mail, postage prepaid this date.

 /s/ Emily R. Schulman
EMILY R. SCHULMAN
Assistant U.S. Attorney

September 19, 2005

*FILED ELECTRONICALLY*